IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FELIPE MEDINA-MAR,

    Petitioner,

v.                          Civil Action No. 5:16CV142
                                             (STAMP)
WARDEN SAAD,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING RESPONDENT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

I. Procedural History

The pro se[1] petitioner, Felipe Medina-Mar, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). In his petition for habeas corpus, the petitioner challenges the manner in which the Bureau of Prisons ("BOP") calculated his federal sentence. The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

Thereafter, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. The magistrate judge issued a Roseboro Notice to the petitioner, but the petitioner did

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

not file a response to the respondent's motion. The magistrate judge then filed a report and recommendation recommending that this Court grant the respondent's motion to dismiss or, in the alternative, motion for summary judgment and deny and dismiss with prejudice the § 2241 petition. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. Facts

The petitioner was arrested by local North Carolina authorities on drug related charges on August 10, 1999. On September 22, 1999, the petitioner was borrowed by federal authorities pursuant to a writ of habeas corpus ad prosequendum. On July 24, 2000, the petitioner was sentenced to a 328-month term of imprisonment, on multiple drug charges, in the United States District Court for the Southern District of Texas. The North Carolina state charges were dismissed pursuant to the federal sentence and, on February 10, 2015, the petitioner received a federal sentence reduction to 263 months. The petitioner's federal sentence commenced on July 24, 2000, and he received prior custody credit from August 10, 1999, the day he was arrested by local North Carolina authorities, through July 23, 2000, the day prior to the imposition of his federal sentence. The petitioner's current

projected release date, with consideration for good conduct time, is December 17, 2018.

In support of her motion to dismiss or, alternatively, for summary judgment, the respondent argues that the petitioner's federal sentence is correctly calculated and the petition should be dismissed, or summary judgment should be granted in the respondent's favor, because the petitioner's federal sentence commenced on July 24, 2000, the day he was sentenced, and he is not entitled to any additional prior custody credit. The respondent further notes that she is not asserting the affirmative defense of failure to exhaust administrative remedies, even though some of the administrative grievances filed by the petitioner regarding his sentence calculation were rejected for procedural reasons.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV. Discussion

In his report and recommendation, the magistrate judge explained that, because of the doctrine of "primary jurisdiction," the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus ad prosequendum does not mean that the prisoner's federal sentence has commenced. See United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. 1993) ("A federal sentence does not begin to run . . . when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum."). "Federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.; see also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ ad prosequendum; he is merely 'on loan' to federal authorities.").

Additionally, the magistrate judge explained that, under 18 U.S.C. § 3585(b), a defendant cannot receive double credit for his detention time. See United States v. Wilson, 503 U.S. 329, 337 (1992) (holding that, under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."). Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992

4

WL 237275, at *1 (4th Cir. Sept. 25, 1992) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."); United States v. Goulden, 54 F.3d 774, 1995 WL 298086, at *2 n.3 (4th Cir. May 17, 1995) ("[S]uch credit is only available for time spent in custody which has not been credited against another sentence.").

Although the petitioner contends he was arrested on August 8, 1998, he was actually arrested on August 10, 1999. Thus, the amount of "jail time credit" at issue is 348 days. All of the time the petitioner spent detained from August 10, 1999, until his federal sentence commenced on July 24, 2000, has already been credited towards his federal sentence. Accordingly, the magistrate judge correctly found that the petitioner has already received all the prior custody credit he is entitled to.

V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 12) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the

5

respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 8) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 12, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE